**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50995
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL ORLANDO MARINERO-REVELO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-6-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Orlando Marinero-Revelo (Marinero) pleaded guilty to the charge of being an alien found unlawfully in the United States following a prior removal and received a sentence of 72 months in prison. He asserts that the sentence he received is substantively unreasonable.

Marinero contends that his sentence is unreasonable because the applicable guideline, U.S.S.G. § 2L1.2, was not created based on empirical evidence and double-counted his prior crime of violence. Because Marinero did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not challenge the reasonableness of his sentence on this ground in the district court, we review this appellate argument for plain error. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). He has not established that the district court plainly erred by relying on § 2L1.2 to impose his sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Marinero also maintains that the sentence was greater than needed to accomplish the goals of sentencing listed in 18 U.S.C. §3553(a). He notes that he returned to the United States to find work and reconnect with his family and that his prior criminal history was caused by a history of alcoholism. Marinero further contends that his offense was not inherently evil and "was, at bottom, an international trespass." The district court heard Marinero's allocution about his reasons for returning and his problems with alcohol but elected to impose a sentence within the applicable range. The court's statements at sentencing reflect the court's concerns about the severity of Marinero's prior offenses. Marinero has not shown that the district court abused its discretion in selecting a sentence or, consequently, that the within-guidelines sentence imposed is unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Consequently, the judgment of the district court is AFFIRMED.